IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| THE WIRELESS NETWORK, LLC, | ) Case No. 07-20518 |
| an Illinois limited liability company, | ) |
| | ) Judge Susan Pierson Sonderby |
| Debtor/Debtor-in-Possession. | ) |

**ORDER ESTABLISHING SALE
PROCEDURES, APPROVING FORM OF SALE
NOTICE, AND SETTING SALE AND HEARING DATES**

AT CHICAGO, Illinois in said Division and District before the Honorable Susan Pierson Sonderby, Bankruptcy Judge, this 13th day of August 2008:

This matter coming to be heard on the Motion of the Debtor/Debtor-in-Possession, THE WIRELESS NETWORK, LLC ("Debtor"), for Authority to (A) Establish Sale Procedures, (B) Assume and Assign Certain Executory Contracts and Unexpired Leases, (C) Set Hearing Date on Sale, and (D) Approve Form of Notice (the "Sale Motion"); proper notice of the Sale Motion having been given to the United States Trustee, counsel for the Official Committee of Unsecured Creditors, counsel to First United Bank and Cellco Partnership, d/b/a Verizon Wireless, the official service list comprised of counsel for all parties who have requested that they be served herein pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure, counsel for all interested parties having had an opportunity to be heard; it appearing to the Court that there is sufficient cause for granting the relief requested in the Sale Motion, that such relief is in the best interests of the Debtor, its estate and its creditors, and that such relief will not unduly prejudice any other parties-in-interest in this Chapter 11 case; and the Court being otherwise fully advised in the premises:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  This Court has jurisdiction over this matter and the parties and property affected thereby pursuant to 28 U.S.C. Sections 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A) and (N).

2.  The procedures (collectively, the "Bidding Procedures") described in the Sale Motion for selling the Assets (as defined in the Sale Motion) and the procedures for competitive bidding at the Auction (as hereinafter defined) annexed to this Order as **Exhibit 1** are approved in all respects. The Debtor is specifically authorized to (a) proceed with the Asset Purchase Agreement ("Agreement") with Moorehead Communications, Inc. ("Purchaser") and all transactions contemplated therein; and (b) grant Purchaser overbid protection equal to the Purchase Price (as defined in the Agreement plus the Break-Up Fee of $100,000 (as defined in the Agreement, plus $100,000, c) pay Purchaser I) Break-Up Fee of $100,000 in the event Closing (as defined in the Agreement) does not occur as a result of Debtor's breach of Agreement; or ii) Debtor receives a third party offer for the Assets which is approved by the Bankruptcy Court and closes.

3.  The form of the Notice of Sale and Opportunity to Bid (the "Notice of Sale") annexed to this Order as **Exhibit 2** is hereby approved. Debtor's counsel is directed to transmit the Sale Notice to the United States Trustee, relevant taxing authorities including the Internal Revenue Service, all known creditors, all parties to the Debtor's executory contracts and unexpired leases, the official service list, and all potential purchasers known to the Debtor.

4.  Pursuant to this Court's Order dated May 28, 2008 (the "Assumption Order), the Debtor was authorized to assume the unexpired leases listed on Schedule A attached to the Assumption Order (the "Assumed Leases"). An objection date of July 8, 2008 was set for objections to cure amounts listed by the Debtor as to the Assumed Leases (the "Cure Bar Date"), as of the entry of this Order, only three (3) lessors filed

objections cure amounts on or before the Cure Bar Date. The Cure Objections and corresponding Assumed Leases, which need to be resolved at the Sale Hearing on September 2, 2008 are as follows:

a. 719 W. Glen Ellyn Rd., Glen Ellyn, Illinois
Scheduled cure amount: $4,752.
Lessor claimed cure amount: $20,176

b. St. John Square, St. John, Indiana
Scheduled cure amount: $3,359.82
Lessor claimed amount: $8,908; and

c. West Milwaukee, Wisconsin
Scheduled cure amount $5,069
Lessor claimed amount: $9,793.38

5. The Debtor shall publish the Sale Notice in the Auction Section of the *Chicago Tribune*.

6. Any party wishing to bid on the Assets must comply with the terms and conditions described in the Sale Motion, as well as the Bidding Procedures attached hereto as Exhibit 1.

7. Assuming any party other than Purchaser submits a qualifying bid for the Assets in accordance with the Bidding Procedures, a public sale (the "Auction") pursuant to Section 363 of the Bankruptcy Code of the Assets shall be held on September 2, 2008, commencing at 10:30 a.m. at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Room 642, Chicago, Illinois. Objections to the holding of the Auction and the proposed Sale, if any, ("Auction and Sale Objections") may be in writing and if in writing, must be filed with the Clerk of the Bankruptcy Court on or before the close of business on August 26, 2008.

8. A hearing to approve the highest and best offer for the purchase of the Assets as submitted at the Auction and to approve the Sale of the Assets to the party

submitting such offer shall be held immediately following the Auction on September 2, 2008 at 10:30 a.m. in Courtroom 642 at the United States Bankruptcy Court, 219 S. Dearborn, Chicago, Illinois, 60604 ("Sale Hearing").

9. ~~Objections, if any,~~ The entry of this Order is made without prejudice to any party's right to object to the proposed Auction and Sale, may be made ~~in~~ /L which objections orally at any time through the commencement of the Sale Hearing.

10. Copies of Auction and Sale Objections, and competing bids shall be served either by messenger, facsimile or electronic mail, upon the following parties:

David K. Welch
Crane, Heyman, Simon, Welch & Clar
135 S. LaSalle
Suite 3705
Chicago, IL 60603

Kathryn Gleason
United States Trustee
219 S. Dearborn St.
Suite 873
Chicago, IL 60604

Jay Jaffe
Kathryn Wiley
Baker & Daniels
60 East 96th St., Ste. 60
Indianapolis, IN 46240

Mark F. Kalina, Esq.
Guerard Kalina & Butkus
100 W. Roosevelt Rd., Suite A-1
Wheaton, IL 60187

Matthew T. Gensburg, Esq.
Greenberg Traurig LLP
77 W. Wacker Dr., #2500
Chicago, IL 60601

David N. Missner, Esq.
William Choslovsky, Esq.
DLA Piper US LLP
203 N. LaSalle St., #1900
Chicago, IL 60601

David M. Blaskovich, Esq.
Casale, Woodward & Buls, LLP
9223 Broadway, Suite A
Merrillville, IN 46410

Thomas R. Fawkes, Esq.
Aaron L. Hammer, Esq.
Freeborn & Peters LLP
311 S. Wacker Dr., #3000
Chicago, IL 60606

Samuel B. Garber, Esq.
General Growth Management, Inc., as Agent
110 N. Wacker
Chicago, IL 60606

Gini S. Marziani, Esq.
Davis McGrath LLC
125 S. Wacker Dr., #1700
Chicago, IL 60606

David E. Cohen, Esq.
David E. Cohen, P.C.
55 W. Monroe St., #600
Chicago, IL 60603

Patrick K. Dahl, Esq.
Dahl & Bonadies
225 W. Washington St., #1640
Chicago, IL 60606

Robert D. Tepper, Esq.
Schenk, Annes, Brookman & Tepper, Ltd.
311 S. Wacker Dr., #5125
Chicago, IL 60606-6657

Christopher R. Schmidgall, Esq.
The Law Offices of Garry A. Weiss, P.C.
Six West 73rd Ave.
Merrillville, IN 46410

E. Jason Atkins, Esq.
Hemmer Pangburn Defrank PLLC
250 Grandview Dr., #200
Fort Mitchell, KY 41017

Joel F. Crystal, Esq.
Centro NP Holdings 1 SPC, LLC
420 Lexington Avenue, 7th Fl.
New York, NY 10170

Gary Roddy
CBL & Associates Management, Inc.
CBL Center, Suite 500
2030 Hamilton Place Blvd.
Chattanooga, TN 37421-6000

William J. Factor
Seyfarth Shaw LLP
131 S. Dearborn St., Ste. 2400
Chicago, IL 60603-5577

11.    Pursuant to the Agreement, the Purchaser will assume liabilities arising under executory contracts identified as Assumed Contracts. The Debtor will notify any additional parties of its intent to assume and assign their respective contracts by not later than August 22, 2008 by filing and serving a Motion and a Notice of Hearing on Motion of Intent to Assume, and setting forth the contracts to be assumed and assigned to Purchaser under the Agreement and the cure amount if any to be paid at closing (the "Assumption Motion "). The Debtor proposes that any Objections to the Notice of Intent to Assume be addressed at the Sale Hearing. The Assumption Motion shall provide notice that the Debtor's proposed assumption and assignment shall be subject to and conditioned upon the occurrence of the Closing under the Agreement.

12.    The Debtor is further authorized and empowered to take such additional and other steps as may be reasonably necessary or appropriate to effectuate the Bidding Procedures approved by the terms of this Order.

13.    Subject to the approval of the proposed sale by this Court at the Sale Hearing, the secured claims of Cellco Partnership d/b/a Verizon Wireless and First Untied Bank shall be paid at closing.

14.    Northing in this Order constitutes an approval of the proposed sale. Such proposed sale is subject to the further approval of this Court at the Sale Hearing.

~~15. The entry of this Order is without prejudice to any party's right to object to the proposed Sale pursuant to the terms of this Order.~~

16. This Order is a final order and effective immediately.

ENTER:

_____
Bankruptcy Judge

AUG 12 2008

**DEBTOR'S COUNSEL**
DAVID K. WELCH, ESQ.
(Atty. No. 06183621)
ARTHUR G. SIMON, ESQ.
(Atty. No. 03124481)
SCOTT R. CLAR, ESQ.
(Atty. No. 06183741)
JEFFREY C. DAN, ESQ.
(Atty. No. 06242750)
CRANE, HEYMAN, SIMON, WELCH & CLAR
135 S. LaSalle St., Suite 3705
Chicago, IL 60603
(312) 641-6777
W:\MJO\Wireless Network\Sale Order-1.wpd

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| THE WIRELESS NETWORK, LLC, ) | Case No. 07-20518 |
| an Illinois limited liability company, ) | |
| ) | Judge Susan Pierson Sonderby |
| Debtor/Debtor-in-Possession. ) | |

## BIDDING, AUCTION AND SALE PROCEDURES

(I)  **BID PROCEDURES**

A.  Unless otherwise ordered by the Court for cause shown, in order to participate in the bidding process, each person (a "**Potential Bidder**") must deliver to the debtor/debtor-in-possession, The Wireless Network, LLC ("**Seller**") on or before August 29, 2008 (the "**Competing Bid Deadline**"): (i) such information as the Seller shall request establishing a Potential Bidder's ability to consummate a sales transaction in a timely manner, specifically including demonstration of financial wherewithal, (ii) a cashier's or certified check in the amount of 10% of such Potential Bidder's bid (the "**Participation Deposit**"), and (iii) an executed asset purchase agreement in substantially the form of the Asset Purchase Agreement ("**Agreement**") with changes thereto shown. Any party qualifying under all of the above standards shall be entitled to bid to purchase the **Assets** (as defined in the Agreement) and will be referred to hereinafter as a "**Qualified Bidder**." Any bid made by a Qualified Bidder shall be referred to as a "**Qualified Bid**." Provided that Moorehead Communications, Inc. ("**Purchaser**") is not otherwise in default under the terms of the Agreement, Purchaser shall be deemed a Qualified Bidder and entitled to participate as a Qualified Bidder at the Auction in the event a Qualified Bid is made by another Qualified Bidder by the Competing Bid Deadline. In addition, Seller shall notify Purchaser of any other Qualified Bids received by Seller which qualify to participate in the Auction as provided in the Procedures Order and shall deliver to Purchaser copies of any such written bids. In the event Qualified Bids are received, Purchaser shall be permitted to participate in the Auction pursuant to the terms hereof and the Procedures Order.

B.  The Seller will grant reasonable access to the Assets to any party expressing an interest in viewing the same for the purpose of making a bid thereupon, and the Seller will further agree to make financial information concerning the Assets available to any prospective purchaser.

EXHIBIT 1

C. The Seller will offer the Assets for sale at the Auction in conformity with the Motion and the Procedures Order on or before September 2, 2008 at 10:30 a.m. At the conclusion of the Auction, the Seller will engage in an analysis (the "**Bid Analysis**") to determine which qualified bid is, in Seller's best judgment the highest, or otherwise best offer (or offers, if the Assets are sold in separate lots) ("**Winning Bid**").

D. At the conclusion of the Bid Analysis, the Seller shall close the Auction and declare the bidder that submitted the Winning Bid as the proposed Purchaser subject only to approval by the Court pursuant to entry of the Sale Order on September 2, 2008 at 10:30 a.m. As soon as practicable thereafter, and by not later than September 2, 2008 (unless Purchaser agrees to extend such date) the Seller shall seek entry of the Sale Order authorizing the Seller to consummate the sale for the Winning Bid with the proposed Purchaser and to execute such additional reasonable documentation as is necessary to complete such sale.

E. In the event that Successful Purchaser (as that term is defined below) defaults in the performance of its obligation to purchase all or a portion of the Assets pursuant to a Winning Bid, the Participation Deposit of the Successful Purchaser shall be forfeited. Notwithstanding the foregoing, the forfeiture of the Participation Deposit of a Winning Bidder shall not necessarily be in full satisfaction of any damages caused to any entity by the withdrawal of such a Winning Bid. Any party making a Participation Deposit who does not end up being the Successful Purchaser shall be deemed to have its bid remain open until the Closing and shall have its Participation Deposit returned to it by the Seller within two (2) business days after Closing.

F. In the event that a Successful Purchaser defaults in the performance of its Winning Bid, then the next highest bidder for the Assets may be invited by the Seller to proceed as the Purchaser, and if that entity elects to so proceed, then its bid will be treated as the Winning Bid without further order of the Court.

G. Any sale hereunder (the "**Sale**") shall be free and clear of all liabilities (unless otherwise expressly agreed to by the Successful Purchaser in accordance with the Agreement), with such liabilities attaching to the proceeds of the Sale (the "**Sale Proceeds**") in the same rank and priority as they enjoyed prior to the Auction in accordance with applicable law.

H. The Seller shall be solely responsible for any sales, transfer or other taxes, if any, applicable to its sale of any Assets.

2

I.  The closing (the "**Closing**") shall occur by the later of (i) on or before three (3) business days after the Sale Order is final and non-appealable, unless Successful Purchaser and Seller agree to waive non-appealability of the Sale Order; or (ii) September 2, 2008 (the "**Closing Date**"), at the offices of the Purchaser's attorneys or on such other date and at such other place as the parties may mutually agree. Any Sale shall be final and the Successful Purchaser shall pay at the Closing the amount of the Winning Bid in immediately available funds.

J.  The sale of any of the Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Seller, its bankruptcy estate, or its agents except for those set forth in the Purchase Agreement. By submitting a bid, each Qualified Bidder shall be deemed to have acknowledged and represented that (i) it has had an opportunity to inspect and examine the Assets and to conduct due diligence regarding the Assets prior to making its offer; (ii) it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Assets in making its bid; and (iii) it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Assets by any entity whatsoever, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in these Bidding Procedures or, as to the Winning Bidder, the applicable purchase agreement.

(ii) **SALE HEARING:**

(A) After the Auction, and as soon as the Seller has determined which entity is the Winning Bidder, the Seller shall present the Winning Bid to the Court and seek the entry of the Sale Order containing all approvals and authorizations that, in the Seller's judgment, are necessary to effectuate and consummate the transactions set forth in the Winning Bid and to provide the Seller's bankruptcy estate with the benefits thereof.

(B) Notwithstanding anything to the contrary in the Motion or the Agreement, a Winning Bid will have been accepted by the Seller only upon entry of the Sale Order and the Seller will not be obligated to take any action related to the sale of the Assets unless and until the Court enters a Sale Order in form and substance as contemplated in Paragraph 5.3 of the Agreement. The Seller's presentation to the Court for approval of the Winning Bid does not constitute the Seller's acceptance thereof until entry of such a Sale Order.

(C) Upon the Court's entry of the Sale Order, the Winning Bidder shall become the
"**Successful Purchaser.**"

3

(iii)   AUCTION:

The Seller shall conduct the Auction by not later than September 2, 2008 at 10:30 a.m., *unless* : (i) no competing bid is submitted by the Competing Bid Deadline; or (ii) if Competing Bids are submitted by Qualified Bidders and Purchaser and Seller agree to extend this date. Only Qualified Bidders may participate in the Auction. *Any Potential Bidder meeting each of the above requirements or its counsel of record then wishing to participate in the Auction shall (1.) be present in person and (2.) sign the* **"Official Sign-In Sheet"** *acknowledging their interest in participating and their familiarity with and acceptance of all of the Bid Procedures.*

(iv)   BID TERMS

(a)   If the Closing with Purchaser does not occur as a result of: (A) Debtor's breach of the Agreement or; (B) Debtor's receipt of a third party offer at the Approval Hearing (as defined in the Agreement) and such third party offer is subsequently approved by the Bankruptcy Court and closes, Purchaser will be entitled to receive from the Debtor a flat fee payment (not dependent on amounts actually expended or incurred by Purchaser) in cash in an amount equal to $100,000 (the "Break-Up Fee").

(b)   no prospective purchaser(s) which bid(s) for the Assets at the Auction shall be entitled to purchase the Assets unless such prospective purchaser submits an initial deposit ("Deposit") equal to ten percent (10%) of its bid and offers to purchase the Assets for consideration (including all cash, non-cash consideration and Assumed Liabilities) which, when coupled with the consideration received by Seller in conjunction with the Assets that may not be part of such purchaser's offer, is in an amount equal to not less than the sum of (such sum being referred to as the "Initial Overbid Amount"): (A) the Purchase Price (including Seller's good faith valuation of those portions of the Purchase Price that will not be paid in cash), plus (B) the Break-Up Fee, plus (C) $100,000;

(c)   after the Initial Overbid Amount, all further overbids must be in increments of at lease $50,000 in excess of the Initial Overbid Amount or the then prevailing bid. After the Initial Overbid Amount, the Seller must consider the amount of or entitlement to payment of the Break-up Fee in determining the highest or best offer for the Assets. Should overbidding take place, the Buyer shall have the right, but not the obligation, to participate in the overbidding and to

4

       be approved as the over bidder at the Sale Hearing based upon any such overbid and may credit bid the Break-Up Fee.

          THE WIRELESS NETWORK, LLC
          Debtor/Debtor-in-Possession

**DEBTOR'S COUNSEL**:
DAVID K. WELCH, ESQ.
(Atty. No. 06183621)
ARTHUR G. SIMON, ESQ.
(Atty. No. 03124481)
SCOTT R. CLAR, ESQ.
(Atty. No. 06183741)
JEFFREY C. DAN, ESQ.
(Atty. No. 06242750)
CRANE, HEYMAN, SIMON, WELCH & CLAR
135 S. LaSalle St., Suite 3705
Chicago, IL 60603
(312) 641-6777
\mjo\wireless network\Bidding Procedures-1.wpd

5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| THE WIRELESS NETWORK, LLC, | ) Case No. 07-20518 |
| an Illinois limited liability company, | ) |
| | ) Judge Susan Pierson Sonderby |
| Debtor/Debtor-in-Possession. | ) |

## NOTICE OF SALE AND OPPORTUNITY TO BID

**PLEASE TAKE NOTICE** that the Debtor/Debtor-in-Possession, THE WIRELESS NETWORK, LLC ("Debtor"), has executed an Asset Purchase Agreement ("Agreement") with Moorehead Communications, Inc., ("Purchaser") providing for the sale of substantially all of the Debtor's assets ("Assets").

**PLEASE TAKE FURTHER NOTICE** that pursuant to an Order entered on August 13, 2008 (the "Sale Procedures Order"), upon the Motion of the Debtor for Authority to (A)) Establish Sale Procedures, (B) Assume and Assign Certain Executory Contracts and Unexpired Leases, (C) Set Hearing Date on Sale, and (D) Approve Form of Notice (the "Sale Motion"), a hearing to approve the highest bid at a public auction sale (the "Sale") described below has been scheduled before the Honorable Susan Pierson Sonderby, United States Bankruptcy Judge, on **September 2, 2008 at 10:30 a.m.**, at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Room 642, Chicago, Illinois ("Sale Hearing").

**PLEASE TAKE FURTHER NOTICE**, that prior to the Sale Hearing, at **10:30 a.m., on September 2, 2008**, at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Room 642, Chicago, Illinois, the Debtor shall conduct an auction of substantially all of their assets pursuant to the terms and conditions outlined in the Bidding Procedures appended hereto. The opening bid shall be that of the Purchaser as set forth in the Agreement. Competing bids will be considered at the auction in accordance with the Sale Procedures Order. The Bid Deadline is **5:00 p.m. on August 29, 2008.** Any objections to the holding of an auction and sale may be in writing, and if in writing, must be filed and served before the close of business on **August 26, 2008.** Objections, if any, to the proposed sale may be made orally at any time through the commencement of the Sale Hearing. Copies of written objections to the holding of the auction and proposed sale, and any competing bids shall be served either by messenger or facsimile upon the following parties:

David K. Welch
Crane, Heyman, Simon, Welch & Clar
135 S. LaSalle, Suite 3705
Chicago, IL 60603
Fax No. 312-641-7114

Kathryn Gleason
United States Trustee
219 S. Dearborn St., Suite 873
Chicago, IL 60604
Fax No. 312-886-5794

Jay Jaffe
Kathryn Wiley
Baker & Daniels
60 East 96th St., Ste. 60
Indianapolis, IN 46240
Fax No. 317-237-8542

Mark F. Kalina, Esq.
Guerard Kalina & Butkus
100 W. Roosevelt Rd., Suite A-1
Wheaton, IL 60187
630-690-9652

EXHIBIT
2

Matthew T. Gensburg, Esq.
Greenberg Traurig LLP
77 W. Wacker Dr., #2500
Chicago, IL 60601
Fax No. 312-456-8435

David N. Missner, Esq.
William Choslovsky, Esq.
DLA Piper US LLP
203 N. LaSalle St., #1900
Chicago, IL 60601
Fax No. 312-630-7399

David M. Blaskovich, Esq.
Casale, Woodward & Buls, LLP
9223 Broadway, Suite A
Merrillville, IN 46410
Fax No. 219-736-9991

Thomas R. Fawkes, Esq.
Aaron L. Hammer, Esq.
Freeborn & Peters LLP
311 S. Wacker Dr., #3000
Chicago, IL 60606
Fax No. 312-360-6571

Samuel B. Garber, Esq.
General Growth Mgmt, Inc., as Agent
110 N. Wacker
Chicago, IL 60606
Fax No. 312-960-6373

Gini S. Marziani, Esq.
Davis McGrath LLC
125 S. Wacker Dr., #1700
Chicago, IL 60606
Fax No. 312-332-6376

David E. Cohen, Esq.
David E. Cohen, P.C.
55 W. Monroe St., #600
Chicago, IL 60603
Fax No. 312-606-0117

Patrick K. Dahl, Esq.
Dahl & Bonadies
225 W. Washington St., #1640
Chicago, IL 60606'
Fax No. 312-641-1662

Robert D. Tepper, Esq.
Schenk, Annes, Brookman &
   Tepper, Ltd.
311 S. Wacker Dr., #5125
Chicago, IL 60606-6657
Fax No. 312-554-3115

Christopher R. Schmidgall, Esq.
The Law Offices of Garry A. Weiss, P.C.
Six West 73rd Ave.
Merrillville, IN 46410
312-729-5297

E. Jason Atkins, Esq.
Hemmer Pangburn Defrank PLLC
250 Grandview Dr., #200
Fort Mitchell, KY 41017
Fax No. 859-578-3869

Joel F. Crystal, Esq.
Centro NP Holdings 1 SPC, LLC
420 Lexington Avenue, 7th Fl.
New York, NY 10170
Fax No. 212-302-4776

Gary Roddy
CBL & Associates Management, Inc.
CBL Center, Suite 500
2030 Hamilton Place Blvd.
Chattanooga, TN 37421-6000
Fax No. 423-490-8619

William J. Factor
Seyfarth Shaw LLP
131 S. Dearborn St., Ste. 2400
Chicago, IL 60603-5577
Fax No. 312-460-7000

2

**PLEASE TAKE FURTHER NOTICE** that the Debtor will seek a waiver of the stay provided for in Rules 6004(g) and 6006(d) of the Federal Rules of Bankruptcy Procedure at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that the Sale Hearing may be adjourned without further notice, other than an announcement of such adjournment in Open Court at the Sale Hearing.

THE WIRELESS NETWORK, LLC<br>Debtor/Debtor-in-Possession

**DEBTOR'S COUNSEL:**
DAVID K. WELCH, ESQ.
(Atty. No. 06183621)
ARTHUR G. SIMON, ESQ.
(Atty. No. 03124481)
SCOTT R. CLAR, ESQ.
(Atty. No. 06183741)
JEFFREY C. DAN, ESQ.
(Atty. No. 06242750)
CRANE, HEYMAN, SIMON, WELCH & CLAR
135 S. LaSalle St., Suite 3705
Chicago, IL 60603
(312) 641-6777
\mjo\wireless network\Sale Notice-1.wpd

3